CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DONNELL J. BLOUNT, SR., ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00471 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LT. DELMER TATE, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

This matter is before the court upon Plaintiff Donnell Blount's motion to amend and motions for temporary restraining order, which the court construes as motions for interlocutory injunctive relief. The amendment will be granted, as it merely seeks to specify the amount of monetary damages Blount seeks to recover from the defendants in this action. The motions for interlocutory injunctive relief will be denied as meritless.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither

remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted).[1]

In his initial motion for interlocutory injunctive relief (Dkt. No. 18), Blount asserted that prison officials at Red Onion State Prison ("Red Onion") are refusing to return his confiscated legal books that he needs in order to prosecute this civil action "unless he dismisses Lt. Delmer Tate and Warden T. S. Ray from litigation now pending before the court." Blount moved the court for an injunction directing defendants to refrain from interfering with his right to access the court and from "retaliating" against him for accessing the court. He claimed that property items, including 21 books, were removed from his cell on September 29, 2008. When his property was returned to him on October 1, 2008, nine legal books were missing. In response to numerous inquiries, Blount was told, alternatively, that the books were lost or that they had been sent to the property room. On October 21, 2008, an officer brought Blount ten books, but only one of these was from the nine confiscated in September 2008; the others had been taken from Blount in 2007. On October 26, 2008, Lt. Harrison allegedly told Blount that Warden Ray had said Blount would get the confiscated books back only if Blount dismissed Ray from the lawsuit. Harrison himself allegedly told Blount that he would not get the books back unless he dismissed Lt. Tate from the lawsuit. Blount claims that he has no other way to access the unidentified legal books that were confiscated from him and he "need[s] them to prosecute [his] cases currently before

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it has been clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

2

this court." Blount's second motion (Dkt. No. 32) merely asks the court to rule on his initial motion.

Defendants responded to Blount's initial motion with an affidavit from Sgt. T. Trapp, who supervises the Red Onion personal property office. Trapp states that the property office is in possession of only nine books that were confiscated at some unknown date from Blount. When officers twice tried to return these books to Blount, he refused them.

The court finds no grounds here on which Blount is entitled to interlocutory injunctive relief. First, he does not identify the missing books or make any showing whatsoever as to how his litigation efforts will suffer imminent harm in the absence of an injunction regarding these books. Without the key element of imminent harm, his request for interlocutory relief fails utterly. Second, Blount's assertions that without court intervention, further acts of "retaliation" may occur in response to his lawsuits are nothing but speculation.[2] His self-serving version of defendants' comments alone is not sufficient to offer any indication that he is in imminent danger of any harm to himself or his litigation efforts at the hands of these defendants or anyone else. Accordingly, his motions for interlocutory injunctive relief must be denied. An appropriate order shall be issued this day.

---

[2]The court will not construe Blount's allegations in his current pleadings as a motion to amend the complaint to add a claim that his legal books were confiscated as retaliation for his bringing lawsuits against the defendants, because he fails to allege facts indicating that he has exhausted available administrative remedies regarding such claim. See 42 U.S.C. § 1997e(a).

3

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 13th day of January, 2009.

/s/ Glen Conrad
United States District Judge